## William Perkins v. The State.

Theft — Continuance. — Being indicted for theft of a gelding, appellant moved the court below for a second continuance, deposing to the absence of three material witnesses, by whom he expected to prove that he purchased the animal from one F., and paid for it; and, as diligence, alleging that he had caused said witnesses to be duly attached, and they had given bond for their attendance; that they had been in attendance until the day of trial, and were not then absent with the consent or procurement of appellant, who did not know why they were absent; that the desired evidence could not be procured from any other source than the said witnesses, and appellant expected to secure their attendance at the next term; and that the application was not made for delay. The court below refused the continuance, assigning as reasons that the application itself disclosed the fact that there was another person, to wit, the said F., by whom the proof could be made, and stated no reason why his testimony had not been obtained; and, further, that appellant, being out on bail, and the court having been in session some eight days, he should have taken some steps to secure his witnesses. *Held*, that the court below erred in overruling the motion. A party is entitled to a continuance when he brings himself, as in this case, strictly within the terms of the statute.

Appeal from the District Court of Williamson. Tried below before the Hon. E. B. Turner.

*John Dowell* and *Phil. Claiborne*, for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

Ector, Presiding Judge. The defendant was indicted, July 16, 1874, for the theft of a gelding, the property of J. W. Mears. He was tried January 11, 1876, found guilty, and his punishment assessed at five years in the penitentiary. Defendant made an application for continuance, January 11, 1876, which was overruled upon certain grounds stated by the judge in the court below; to which ruling the defendant took a bill of exceptions.

After giving the style and number of the case, the court and term, the following is a copy of defendant's application for a continuance:

"Now comes the defendant in the above entitled and numbered cause, in his own proper person, who, after being by me duly sworn, upon oath says that defendant cannot safely go into trial in said cause at this term of the court for want of the testimony of Charles Cottingham, William Litton, and Bat Lane, all of whom are resident citizens of the county of Bastrop, and state of Texas, whose testimony is material to aid defendant in his defense in said cause. Affiant says that he expects and can prove, by each and every one of said witnesses, that affiant is not guilty of the charge as alleged in said indictment filed in this cause; and, further, that affiant bought and purchased said gelding affiant is charged to have stolen from one James Fuller, and paid him therefor a reasonable consideration, and that affiant's connection with said gelding is perfectly innocent, and in perfect conformity with law. That affiant has used due diligence to procure the attendance and testimony of said witnesses at this term of the court, by causing an attachment to be issued to said county of Bastrop for said witnesses on the 10th day of March, A. D. 1875, which was duly served upon said witnesses by the sheriff of Bastrop county, and the bond of said witnesses taken by said sheriff of Bastrop county, on the 15th day of April, 1875, for the appearance of said witnesses at the next term of the court thereafter, and from day to day until this case was tried; and that said witnesses have, since said bond was taken, been in regular attendance upon this court, except upon this day, and that affiant does not now know why said witnesses are not in attendance; that said witnesses are not absent by the procurement or consent of affiant; that this application is not made for delay; that the testimony of said witnesses cannot be procured from any other source; and that affiant has a reasonable expectation of procuring the attendance of said witnesses in this cause at the next

term of the court;" which was duly signed and sworn to before the clerk of the court.

The defendant took a bill of exceptions to the action of the court on his application for continuance. The district judge, in overruling the application for continuance, as stated in said bill of exceptions, did so on the following grounds:

"1st. The court having commenced on the 3d day of January, 1876, and the appellant, being out on bail, should have taken some steps to procure his witnesses.

"2d. The application itself discloses the fact there is another man by whom the fact, to wit, that appellant had purchased the gelding, whose evidence, if the fact be true, might be obtained; at any rate, if there was any reason why such person could not be procured, that reason should be stated in the affidavit."

As to the first point, as has been said by the counsel for the defendant in their able brief, we simply say that no better diligence could have been used by appellant to obtain his witness than was used by him and stated in his application. Defendant states that he had an attachment issued for his witnesses on the 10th day of March, 1875, which was served upon them by the sheriff of Bastrop county, and their appearance bonds taken by him, on the 15th day of April, 1875, for the next term of the district court of Williamson county, and from day to day until the case was tried; and that his witnesses, since the taking of their bonds, had been in regular attendance upon the court, except upon the day when the case was tried. The defendant used all the diligence the law required to procure the attendance of said witnesses, and the fact that he was out on bond would not authorize or require him to take other steps to secure their attendance, and it is an immaterial question as to when the court commenced or when it adjourned. If appellant's

witnesses had been attached, and were under bond for attendance upon the court, to testify for the defendant in this case, and had appeared from day to day until the day when the case was called for trial, and were then absent without his procurement or consent, we think he had used due diligence, and that he is not to blame for their non-appearance.

The application states that the testimony of the witnesses cannot be procured from any other source. We believe this is a sufficient answer to the 2d ground assigned by the judge for overruling defendant's application. The defendant distinctly states that the testimony he desires could be proved only by the witnesses he had attached.

The statute, upon the point of negativing, in the application, the fact that the testimony can be procured from any other source except the witnesses named in the application, has done so in a particular way, and used certain words to express it.

If the defendant did purchase the gelding from James Fuller, as he swears in his application he did, it is probable that Fuller committed the theft himself, or that defendant had reason for thinking so, and, if so, he reasonably believed he could not prove that he purchased the gelding from him, the said Fuller, by Fuller himself.

The statute prescribes the conditions upon which continuances are granted, and a party will be entitled to a continuance when he brings himself strictly within the terms of the statute. That bad men will avail themselves of this rule, to delay or defeat the ends of justice, would be a good reason to change the law in regard to granting continuances; whilst the law remains as it is, we should enforce it. We deem it unnecessary to notice the other points mentioned in defendant's assignment of errors.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*